UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON L. SHADLE,<br><br>    Defendant. | Case No. 14-cr-40055-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jason L. Shadle's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 50). The Government has responded (Doc. 55). Shadle has replied to that response (Doc. 59). The Court appointed counsel for Shadle and held a hearing on the motion on December 8, 2025. At the hearing, Lucas Jay Shadle and Randall Thomas Klingler were called to testify by the defendant, and the defendant was called to testify by the Government.

### I.   Background

In October 2014, Shadle pleaded guilty to one count of conspiracy to manufacture 50 grams or more of a mixture and substance containing methamphetamine, two counts of possession of materials used to manufacture methamphetamine, and one count of possession of pseudoephedrine to manufacture methamphetamine. At the defendant's sentencing in February 2015, the Court found that Shadle was a career offender based on two prior convictions for a controlled substance offense (attempt to manufacture a controlled substance and possession of methamphetamine manufacturing chemicals). *See* U.S.S.G. §4B1.1 (2014). His career offender offense level was determined to be 34 because of the statutory maximum sentence of 40 years under 21 U.S.C. § 841(b)(1)(B). The Court sentenced Shadle to serve 216 months in prison on the conspiracy count

and 120 months on the other counts, all to run concurrently.  Shadle did not appeal his sentence.  Shadle's projected release date is October 1, 2029.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Jan. 6, 2026).

## II. Reduction Motion

Shadle seeks a sentence reduction[1] to time served under § 3582(c)(1)(A), the codification of § 603(b)(1) of the First Step Act.  Under that provision, a defendant must demonstrate to the Court that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction.  18 U.S.C. § 3582(c)(1)(A).  The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden.  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180.  The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13.

### A.     Extraordinary and Compelling Reason for Relief

Before the hearing, the Court narrowed Shadle's motion down to one potential extraordinary and compelling reason that might support compassionate release.  That reason involved the physical incapacitation of his son, Lucas Jay Shadle, in a dirtbike accident several years ago when he was 15 years old.  Lucas is paralyzed from the waist down and is confined to a wheelchair.  He has now reached the age of majority.  When Shadle filed his motion, Lucas was being cared for by his mother, but she has since withdrawn that support, and Lucas resides in a nursing home.

Shadle's son's condition implicates these two potential extraordinary and compelling reasons for release:

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release.  Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

2

> **(3) Family Circumstances of the Defendant.**—
> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
> * * *
> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b). The Court found that, although Lucas's caretaker was not dead or incapacitated so as to qualify under paragraph (3), "Family Circumstances of the Defendant," Shadle's family circumstances might qualify as an "Other Reason" that was "similar in gravity to those described in" that paragraph.

At the hearing, the Court learned that Lucas needs extraordinary care for his activities of daily living; his other activities and interactions are limited. Shadle asks the Court to release him so he can be Lucas's primary caretaker on a daily basis. Shadle plans on becoming a certified nursing assistant so he can better care for Lucas. They would live with Klingler in his home, and Klingler would try to employ Shadle in his construction business. Klingler is fine with this plan, and so is the Probation Office. Shadle believes this would allow Lucas to have a more meaningful life than he would in a nursing home, and it would give Shadle a purpose in his own life. The Court concludes that Shadle's ability and willingness to provide needed care for Lucas is an extraordinary and compelling reason for release.

    B.    <u>§ 3553(a) Factors</u>

The Court further finds the § 3553(a) factors do not weigh against Shadle's early release. He has served more than ten years of his eighteen year sentence and he is projected to be released, absent compassionate release, in just under four years. Although he has a lengthy criminal history, he has demonstrated substantial rehabilitation in prison through sobriety, education, employment and relatively good behavior. Clearly he has strong support from his friend Mr. Klingler.

The Court believes that the supervised release conditions imposed at his sentencing, plus an additional condition, will be sufficient to ensure the safety of the community. That additional condition is this:

> The defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or history of criminal conduct, whether or not resulting in criminal charges, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.
>
> *Condition Explanation: Third-party risk is the reasonably foreseeable risk of physical or financial harm to a specifically identified third party or parties. "Reasonably foreseeable" means that the nature of the relationship between the defendant and the third party (e.g., employer or household member) suggest the defendant may act in a criminal or unacceptable manner similar or related to past conduct (e.g. history of violence or sexual misconduct, substance abuse, knowingly putting others at risk of a contagious medical condition, Fraud, etc.). The risk must involve a specifically identified individual, not an undefined group (such as the general public) or to a broad class of individuals (such as all children in the neighborhood).*
>
> *Parties at risk can be identified by the Court, defendant, probation officer, counselor, or through other credible sources. Once a risk has been identified, notification of the potential risk is the responsibility of the defendant. Once the notification has been made by the defendant, the probation officer will verify the defendant's compliance with the notification requirement. If the defendant does not agree with the identified risk, and opposes the notification to the third party, the matter will be presented to the Court to determine if disclosure is necessary.*

The Court proceeds with great trepidation. Even if Shadle lives in Klingler's drug-free home, he will be returning to the geographic location where he was involved with drugs before his conviction, although with a new purpose in his life. But being the primary caretaker for someone needing the care Lucas does is extremely stressful, even if you love the person your caring for more than anything else in the world. And from the Court's experience revoking supervised release of other offenders, it can say with certainty that stress is almost always a major factor in recidivism. The Court warns Shadle that if any of the drug tests the Probation Office will subject him to yield a positive result, the Court will likely revoke his supervised release without any intermediate measures such as a non-compliance hearing.

4

Nevertheless, the Court concludes there is an extraordinary and compelling reason for Shadle's release, the § 3553(a) factors weigh in favor of release, and that such a reduction is consistent with U.S.S.G. § 1B1.13.  *See* 18 U.S.C. § 3582(c)(1).  Thus, it will reduce Shadle's sentence to "Time Served" effective twenty days after entry of this order.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Shadle's motion for compassionate release (Doc. 50) and **REDUCES** Shadle's sentence to "Time Served" effective twenty days after entry of this order.  The Court will enter a separate order in its standard form to implement this reduction.

**IT IS SO ORDERED.**
**DATED:  January 8, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**